Kevin Metz
Direct Dial: (202) 637-2338
kevin.metz@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Seoul |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

October 3, 2018

**FILED VIA ECF**

Chief Magistrate Judge Schwab
U.S. District Court
Middle District of Pennsylvania
228 Walnut Street,
P.O. Box 983
Harrisburg, PA 17101
magistrate_judge_schwab@pamd.uscourts.gov

Re:   McCreary v. BOP, 1:17-cv-01011

Dear Chief Magistrate Judge Schwab:

  Plaintiffs submit this letter in support of their position that the medical information of Plaintiffs and members of the class should be treated as Confidential Information under the protective order to be entered in this case.  *See* Attachment A, Plaintiffs' Proposed Protective Order. Defendants' position is that the protective order should not cover the medical records of the named Plaintiffs or any future member of the class, if certified, which would allow those private medical records to be publicly filed and quoted in open court.

  Federal Rule of Civil Procedure 26(c), which governs protective orders during discovery, establishes that a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984) (citing *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 866, 891 (E.D. Pa. 1981)).

  It is beyond dispute that "[a]n individual has a constitutional right to privacy which protects 'the individual interest in avoiding disclosure of personal matters.'" *Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001) (quoting *Whalen v. Roe*, 429 U.S. 589, 599 (1977)).  The Third Circuit has "long recognized the right to privacy in one's medical information" and upheld protective orders similar to the Proposed Protection Order.  *Id.*; *United States v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980); *Johnson v. Hastings*, No. 2:13-6974, 2018 WL 621289, at *3 (D.N.J. 2018) ("Confidentiality concerns as to Plaintiff's medical history align with Third Circuit case law supporting nondisclosure of a prisoner's medical information filed in litigation."); *Johnson v. Federal Exp. Corp*, No. 12-CV-444, 2013 WL 1760402, at *1 (M.D. Pa.

2013) (ordering the disclosure of medical records under a protective order requiring counsel to maintain confidentiality of the records by, *inter alia*, not disclosing any portion of the contents to anyone other than the court, the attorneys (and their staff) involved in the matter, and expert witnesses). In *Borrero v. Wetzel*, the Middle District of Pennsylvania considered whether a plaintiff prisoner's medical records were properly subject to disclosure and inspection by defense counsel, where the plaintiff brought an action for lack of proper medical treatment. No. 3:12-CV-1934, 2013 WL 1760568, at *1 (M.D. Pa. 2013). The court found that even though plaintiff had placed his medical condition at issue in the complaint, he had a well-recognized privacy interest in maintaining the confidentiality of his health records. *Id*. at *4.

Plaintiffs and members of the class will suffer serious injury if their medical information is publicly disclosed. The records to be produced in the case and filed with the court will include embarrassing and sensitive information about Plaintiffs and the members of the class, including mental health diagnoses, medications they have been prescribed, and graphic descriptions of symptoms of their mental health, including self-harm, sexual conduct, lack of personal hygiene, among others. Allowing these records to be produced with no further protections will subject those whose information is disclosed to risks both inside and outside of Lewisburg. Inside, stigmas against mental illness coupled with explicit characterizations of a prisoner's mental health could lead Plaintiffs and other class members to be targeted, harassed, and ridiculed by cellmates, other prisoners, or even staff. Further, many individuals housed at Lewisburg eventually will be released from incarceration and the public availability of their private medical information is likely to cause them more harm in obtaining housing and employment – already difficult challenges for former inmates.

Weighed against these obvious and recognized harms, Defendants will not suffer any prejudice to their ability to mount a defense by having the medical records of Plaintiffs and the class treated as Confidential Information. Defendants will still receive all of the records in unredacted form, and be able to use those records to support their defense, albeit in briefs that will be redacted in public view. Moreover, redacting personal medical information from the public documents will somewhat impede but far from eliminate the public's access to the information on the proceedings. The public will still be able to view the redacted versions of any briefs, motions or orders, and attend hearings in open court. *Lopez v. CSX Transp., Inc.*, No. 3:14-CV-257, 2015 WL 5971682, at *4 (W.D. Pa. 2015) (court must balance the harm of disclosing personal information against public right to access). Here, Plaintiffs' interests in protecting the privacy of their medical information far outweighs any prejudice to defendants and the right of public access to judicial proceedings. *Hastings*, 2018 WL 621289, at *3; *Harris v. Nielsen*, Civ. No. 09-2982 (RBK/AMD), 2010 WL 2521434, at *4 (D.N.J. 2010) (finding that prisoner plaintiff's privacy interest in his medical records outweighed the public's interest).

Respectfully,

/s/ Kevin Metz
Kevin Metz
of LATHAM & WATKINS LLP

**ATTACHMENT A**

Case 1:17-cv-01011-YK-SES   Document 71   Filed 10/03/18   Page 3 of 13

# UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JUSAMUEL RODRIGUEZ MCCREARY, et al.,**<br>    Plaintiff<br><br>v.<br><br>**FEDERAL BUREAU OF PRISONS, et al.,**<br>    Defendants | Civil No. 1:17-cv-1011<br><br>(Kane, J.)<br>(Schwab, C.M.J.)<br><br><br>Filed Electronically |

### [PLAINTIFFS' PROPOSED] PROTECTIVE ORDER

AND NOW, this _____ day of _____ 2018, upon consideration of Plaintiffs' Motion for a Protective Order, the following is hereby ordered:

A. Plaintiffs' Motion for a Protective Order is GRANTED;

B. The parties shall abide by the terms and conditions set forth as follows:

1. CONFIDENTIAL INFORMATION Defined:

"CONFIDENTIAL INFORMATION" is defined as: (a) those documents or testimony that reveal personal information about staff or inmates; (b) information that, if disclosed to the public, has a foreseeable likelihood of compromising the integrity of security or investigative techniques within USP Lewisburg or endangering the safety of BOP staff, the families of BOP staff, or inmates and their families; (c) information which could assist an inmate in an escape; and (d) private

personal information of Plaintiffs, members of the class, persons that are not a party to this civil action, or Defendants, relating to medical (including mental health) treatment, conditions, or other medical records (including mental health records).

        2.      <u>Document Defined</u>: "DOCUMENT" means and includes all items listed in Federal Rules of Civil Procedure 34(a)(1)(A) and (B), including but not limited to deposition testimony, discovery responses and other materials, oral or written, including all copies and excerpts thereof.

        3.      <u>Designating Documents or Testimony</u>:

        (a)      Any party producing or disclosing documents, information, records, whether electronic or otherwise, answers or responses to interrogatories or discovery requests, deposition transcripts, audio or video recordings, or similar things during the course of this litigation (collectively referred to as "Litigation Material") may designate as Confidential any Litigation Material, or portions thereof which the Producing Party believes, in good faith, constitute or contain non-public Confidential Information.

        (b)      To mark something Confidential, the Producing Party shall stamp the document, or any portion thereof: "CONFIDENTIAL" and advise the receiving party in writing as to the particular documents designated "Confidential."

(c) Parties agree to only designate as Confidential the smallest segment of a document, or record as is necessary to protect the CONFIDENTIAL INFORMATION. Only documents bearing the "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" designation shall be deemed CONFIDENTIAL INFORMATION and subject to the provisions of this Protective Order.

(d) In the event that deposition or trial transcripts are created in this action, a party may designate information disclosed as "CONFIDENTIAL" by requesting that the Court designate all or part of the transcript as Confidential at the time of the deposition or in writing within thirty (30) calendar days after receipt of the transcript; provided, however, that the entire deposition shall be treated as Confidential during such thirty (30) day period. The parties agree that they shall request to be marked as confidential the smallest segment necessary (a word, sentence, paragraph or page) to protect the information. Any party invoking Confidential protection during a deposition may exclude from the room any person who is not authorized to receive information designated as Confidential.

(e) In the event that interrogatory answers or responses to requests for production or admission are created in this action, a party may designate information disclosed as "CONFIDENTIAL" by placing before the answer or response: "The following response is 'CONFIDENTIAL.'" The

answering party shall designate as such only that part of the answer/response that is Confidential and the answering party shall highlight the Confidential Information to show what specific information constitutes Confidential Information.

    4.    <u>Possession and Disclosure of CONFIDENTIAL INFORMATION</u>:

    (a)    Documents marked as CONFIDENTIAL INFORMATION by Defendants may not be possessed by any Plaintiff who is an inmate of the BOP.  Further, no Plaintiff who is an inmate of the BOP may make any notes of CONFIDENTIAL INFORMATION or possess any reproduction in any form of CONFIDENTIAL INFORMATION.

    (b)    CONFIDENTIAL INFORMATION may be disclosed by either party or their counsel only to:

    i)    The parties' expert(s) or consultant(s) retained for purposes of this litigation;

    ii)    Secretaries, legal assistants, paralegals, associates, or assistants of either parties' counsel and/or the parties' expert(s) or consultant(s), when working under the direct supervision of said counsel or expert(s) or consultant(s), and when such disclosure is reasonably necessary to the litigation of this case; and,

    iii)    Third party vendors;

      iv)    The Court and Court personnel in this action;

      v)    Court reporters, videographer services, translation service, photocopy service, document management service, records management service, graphics service or such other litigation assistance services retained by a party to this action;

      vi)    Any third party mediators and their employees used in this action.

5.    <u>Viewing and Discussing CONFIDENTIAL INFORMATION</u>: Counsel for Plaintiffs may permit Plaintiffs to view any CONFIDENTIAL INFORMATION in preparation of his case.  Counsel may also discuss any CONFIDENTIAL INFORMATION with Plaintiffs.

6.    <u>Filing CONFIDENTIAL INFORMATION</u>:  CONFIDENTIAL INFORMATION produced in this action, including transcripts and exhibits, that are presented to or filed with the Court shall be submitted under seal, upon the showing required by Local Rule 49 and applicable circuit law, unless the parties otherwise agree or the Court otherwise orders.

7.    The use at trial and admission into evidence of CONFIDENTIAL INFORMATION shall be subject to the Court's control in accordance with generally applicable rules of evidence.

8. Except as set forth above, no CONFIDENTIAL INFORMATION shall be disclosed by any person to whom it has been furnished, absent the written permission of the producing party, or permission of the Court after the filing of an appropriate motion, and pursuant to the entry of an order.

9. The parties agree that at the conclusion of this litigation, and any appeal that may result, all CONFIDENTIAL INFORMATION provided in the course of this litigation and in the possession of either party, their attorneys or agents, shall be returned to the producing party or destroyed with a certification of such destruction.

10. Counsel for both parties will advise their clients of their obligations under this Protective Order, and will likewise advise all third parties listed in subparagraphs 4(b)(i), 4(b)(ii), 4(b)(iii), 4(b)(v), and 4(b)(vi) to whom CONFIDENTIAL INFORMATION is disclosed of their obligations under the Protective Order.

11. Should any party object to the confidential status of material produced or designated by any person, including transcripts and exhibits, such material shall, until further order of this Court, be treated as CONFIDENTIAL INFORMATION in accordance with the provisions of this Protective Order.

12. Should a party object to the confidential status of material produced or designated as CONFIDENTIAL INFORMATION, including

transcripts and exhibits, and should such party fail to informally resolve such dispute with the person producing or designating such CONFIDENTIAL INFORMATION, then the parties will contact the Court to schedule a telephone conference to resolve the dispute. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper. Nothing herein shall be deemed to waive or limit any party's assertion or objection to the classification of documents or information as CONFIDENTIAL INFORMATION.

      13. This Protective Order shall remain in force and effect unless and until modified, superseded, or terminated by Order of the Court.

      14. <u>Use of Party's Own CONFIDENTIAL INFORMATION</u>: Nothing in this Protective Order shall restrict the right of any party to use its own CONFIDENTIAL INFORMATION for any purpose whatsoever, but if any such use results in a disclosure that causes the CONFIDENTIAL INFORMATION to lose its designation as CONFIDENTIAL INFORMATION, then it shall no longer be subject to any protection under this Protective Order. However, nothing in this Protective Order affects the protections afforded to personal information and/or protected health information under applicable federal, state, or local laws.

      15. PROHIBITED CONFIDENTIAL INFORMATION: If either party believes that any document or information should be withheld from being shown to Plaintiffs, then, either by separate agreement by the parties or order by

the Court, the document shall be marked "PROHIBITED CONFIDENTIAL INFORMATION."  PROHIBITED CONFIDENTIAL INFORMATION is defined as any information that falls under the definition of CONFIDENTIAL INFORMATION in paragraph 1 and meets the additional requirement that showing or discussing the information with Plaintiffs would pose a significantly heightened risk to safety of persons and institutional security.  Such material will be subject to the terms of this Protective Order as well as the increased requirement that Plaintiffs not be permitted to view the material and Plaintiffs' attorneys are not permitted to disclose the information to anyone, including but not limited to Plaintiffs, except as follows:

      i)      The parties' expert(s) or consultant(s) retained for purposes of this litigation;

      ii)      Secretaries, legal assistants, paralegals, associates, or assistants of either parties' counsel and/or the parties' expert(s) or consultant(s), when working under the direct supervision of said counsel or expert(s) or consultant(s), and when such disclosure is reasonably necessary to the litigation of this case; and,

      iii)      Third party vendors;

      iv)      The Court and Court personnel in this action;

        v)     Court reporters, videographer services, translation service, photocopy service, document management service, records management service, graphics service or such other litigation assistance services retained by a party to this action;

        vi)     Any third party mediators and their employees used in this action.

The party proposing applying this heightened restriction on any document, record, or portion thereof must consult with opposing counsel regarding any documents the party believes should be marked PROHIBITED CONFIDENTIAL INFORMATION. If counsel are unable to reach an agreement, the party proposing the heightened restriction will contact the Court to schedule a telephone conference to resolve the dispute.

 

                                                                                        Susan E. Schwab
                                                                                        United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing letter was served upon the following via ECF on October 3, 2018:

>Timothy S. Judge
>United States Attorney's Office
>Middle District of Pennsylvania
>235 N. Washington Ave.
>P.O. Box 309
>Scranton, PA 18501
>Tel: 570-348-2827
>Email: timothy.judge@usdoj.gov

DATED: October 3, 2018          /s/ Kevin H. Metz
                                Kevin H. Metz
                                PA ID No. 324044
                                LATHAM & WATKINS LLP
                                555 Eleventh Street NW,
                                Suite 1000
                                Washington, DC 20004
                                Tel.: (202) 637-2200
                                Fax: (202) 637-2201
                                kevin.metz@lw.com

                                *Attorney for Plaintiffs*