

**U.S. Department of Justice**

*David J. Freed*
*United States Attorney*
*Middle District of Pennsylvania*

Website: www.justice.gov/usao/pam/
Email: usapam.contact@usdoj.gov

---

| | | |
|---|---|---|
| *William J. Nealon Federal Building*<br>*235 N. Washington Avenue, Suite 311*<br>*P.O. Box 309*<br>*Scranton, PA  18503-0309*<br>*(570) 348-2800*<br>*FAX (570) 348-2037/348-2830* | *Ronald Reagan Federal Building*<br>*228 Walnut Street, Suite 220*<br>*P.O. Box 11754*<br>*Harrisburg, PA  17108-1754*<br>*(717) 221-4482*<br>*FAX (717) 221-4493/221-2246* | *Herman T. Schneebeli Federal Building*<br>*240 West Third Street, Suite 316*<br>*Williamsport, PA  17701-6465*<br>*(570) 326-1935*<br>*FAX (570) 326-7916* |

*Please respond to: Scranton, PA*

October 3, 2018

<u>Via E-Mail</u>

Honorable Susan E. Schwab
Chief Magistrate Judge
United States District Court
Middle District of Pennsylvania

Re:   Proposed Protective Order in <u>McCreary v. Federal Bureau of Prisons</u>, Civ. No. 1:17-cv-1011 (M.D.Pa.).

Dear Judge Schwab:

    I write to provide the Court with Defendants' position on the scope of the proposed Protective Order. The Protective Order should not include within its scope the medical records, including mental health records, of the named Plaintiffs or any future plaintiff if class is certified.  This Court has already denied a motion to seal a significant amount of medical and mental health treatment records of the three named Plaintiffs because the records are judicial records and Plaintiffs had not offered anything more than "broad and conclusory" statements regarding the risk of harm in releasing the documents.  (Doc. 57.)  Further, should the Court order the production of medical records, including mental health records, of non-party current, former, or future federal inmates, the information contained in those records should be marked with a designation that the information is understood to be provided for Plaintiffs' attorneys' eyes only.  The Court should also prohibit the named Plaintiffs from possessing any other inmate's, including other named Plaintiffs', medical records, including mental health records, while in the custody of the Bureau of Prisons.  Information that is contained within the medical records and mental health records of inmates could pose security risks if that information is provided to Plaintiffs and used or further disclosed to other persons.  The use of any such non-party information in Court filings should be filed under seal unless otherwise ordered by the Court.

  Judicial records, including the filings in court, are subject to a strong common law presumption of public access. In re Cendent Corp., 260 F.3d 183, 192 (3d Cir. 2001); Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994); Leucadia, Inc. v. Applied Extrusion Tech., Inc., 998 F.2d 157, 161 (3d Cir. 1993). "[G]enerally, a party wishing to seal documents must demonstrate at least good cause for the sealing." Carnegie Mellon Univ. v. Marvell Tech. Group, Ltd., Civ. No. 09-290, 2013 WL 1674190, at *2 (W.D. Pa. Apr.17, 2013) (citing Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994)). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." Publicker Indus., Inc. v. Cohen, 733 F.2d 1059, 1071 (3d Cir. 1984). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not establish good cause. Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir.1986).

  Here, Plaintiffs have not demonstrated any specified injury by having their, or any potential future plaintiff's, mental health records publicly available. Indeed, the named Plaintiffs have affirmatively filed their civil complaint setting forth the nature of their mental health conditions, the treatment or alleged lack of treatment they received, and other specific information related to their incarceration. They did not seek to file the complaint under seal. The federal Bureau of Prisons (BOP) is entitled to present a public defense to the very public allegations that have been made. The public is entitled to see the evidence that the BOP presents in its defense as to whether the Plaintiffs received constitutionally adequate mental health treatment. The BOP and the public interest weighs in favor of disclosure when balanced against the Plaintiffs' unsubstantiated and generalized allegations of harm. The Defendants object to the protective order applying to the medical records, including mental health records, of the named Plaintiffs or any class member should the Court certify any class.

Sincerely,

DAVID J. FREED
United States Attorney

S/Timothy S. Judge
TIMOTHY S. JUDGE
Assistant United States Attorney