# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUSAMUEL RODRIGUEZ MCCREARY, *et al.*, | Civil No. 1:17-CV-01011 |
| Plaintiffs, | |
| v. | |
| | Judge Jennifer P. Wilson |
| THE FEDERAL BUREAU OF PRISONS, *et al.*, | |
| Defendants. | Magistrate Judge Susan E. Schwab |

## **MEMORANDUM**

Before the court is the report and recommendation of United States Magistrate Judge Susan E. Schwab recommending that Plaintiffs' motion for class certification be denied, as well as the parties' objections. (Docs. 113, 122, 124.) For the reasons that follow, the court will adopt Magistrate Judge Schwab's report and recommendation in large part but will decline to adopt one section. This case will be recommitted to Magistrate Judge Schwab for further proceedings.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Neither party objected to the facts or procedural history that were exhaustively detailed in the report and recommendation. Because the court gives "reasoned consideration" to these uncontested portions of the report and recommendation, *E.E.O.C. v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)), the court will

1

only restate the factual background and procedural history necessary to provide context for this opinion.

Plaintiffs – Jusamuel Rodriguez McCreary, Richard C. Anamanya, and Joseph R. Coppola – filed their complaint on June 9, 2017, naming as defendants the Federal Bureau of Prisons, its then-Director, Thomas R. Kane, and the Warden of United States Penitentiary Lewisburg ("USP Lewisburg"), David J. Ebbert. (*See* Doc. 1.) Plaintiffs complain about the treatment of prisoners housed within the Special Management Unit ("SMU") at USP Lewisburg who are suffering from mental illness and serious mental illness. (*Id.*) Plaintiffs have asserted that Defendants have violated the United States Constitution's Eighth Amendment by acting, or by failing to act, with deliberate indifference to the health and safety of these prisoners. (*Id.* at p. 54.[1])

On June 20, 2018, United States Magistrate Judge Susan E. Schwab recommended that two motions filed by Defendants – a motion to dismiss (or, in the alternative, for summary judgment), and a motion for a protective order staying discovery – be denied. (*See* Doc. 58.) Following this recommendation (which was adopted, in large part, by United States District Judge Yvette Kane[2]), Magistrate

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

[2] By verbal order of November 20, 2019, this case was reassigned from Judge Kane to the undersigned.

Judge Schwab denied Plaintiffs' pending motion for class certification without prejudice, set deadlines for Plaintiffs to file another motion for class certification and for briefing of that motion, and established other case management deadlines. (*See* Docs. 84, 85, 107.)

On August 30, 2019, Plaintiffs filed the current motion for class certification. (Doc. 98.)  That motion was then fully briefed. (*See* Docs. 99-101, 109, 111.)  On January 29, 2020, Magistrate Judge Schwab issued a report and recommendation concerning the current motion for class certification. (Doc. 113.) In the report and recommendation, Magistrate Judge Schwab opined that though Plaintiffs' individual claims appeared to be moot (because "the named plaintiffs [were] no longer incarcerated in the SMU at USP Lewisburg," *Id*. at 30), an exception to the mootness doctrine allowed Magistrate Judge Schwab to decide the current motion for class certification. (*See id*. at 30–34.)  Further, Magistrate Judge Schwab recommended that the current motion be denied because Plaintiffs had failed to satisfy the numerosity prerequisite for class certification under Federal Rule of Civil Procedure 23(a). (*Id.* at 40–56).  Noting that Plaintiffs were "inconsistent about how they define[d] the class" (*Id*. at 38), Magistrate Judge Schwab defined the class as all current and future inmates in the SMU at USP Lewisburg with a mental illness or serious mental illness. (*Id*. at 39.)  Finally, Magistrate Judge Schwab ruled that, "[g]iven our conclusion that [Plaintiffs] have

failed to meet their burden regarding numerosity, we need not address" other Rule 23(a) prerequisites for class certification. (*Id.* at 56 n.15.)

On April 8, 2020, both parties objected to sections of Magistrate Judge Schwab's report and recommendation. (Docs. 122, 124.) Both sets of objections have been fully briefed and are ripe for the court's review. (*See* Docs. 123–26, 129–30.)

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required for portions of a report and recommendation to which no objections have been raised. *Univac Dental Co. v. Dentsply Int'l, Inc.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). Instead, the court is only required to "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P. 72 advisory committee's note to 1983 addition).

## DISCUSSION

### A. The Uncontested Portions of the Report and Recommendation Will Be Adopted.

The parties do not object to Magistrate Judge Schwab's recommendation to define the class as all current and future inmates in the SMU at USP Lewisburg who have a mental illness or serious mental illness. Further, the parties do not object to Magistrate Judge Schwab's recommendation that the case is not moot for purposes of ruling on the motion for class certification even though the named Plaintiffs are no longer incarcerated at USP Lewisburg.

After giving "reasoned consideration" to the uncontested portions of the report and recommendation, the court finds that Magistrate Judge Schwab's analysis is well-reasoned and fully supported by the record and applicable law. *See City of Long Branch*, 866 F.3d at 99 (quoting *Henderson*, 812 F.2d at 878). The court will adopt these portions of the report and recommendation in full.

## B. The Court Will Decline to Adopt the Recommendation that Plaintiffs' Motion for Class Certification Be Denied Due to a Lack of Numerosity, and Will Recommit This Case to Magistrate Judge Schwab for Additional Findings.

The parties' dispute regarding the class certification prerequisite of numerosity presents a conceptual problem for the court.  In the parties' briefs, which were filed in April, 2020, the parties entangle the arguments about numerosity and mootness by debating whether this case should be mooted, as a general matter, due to the announced closure of the SMU at USP Lewisburg.  But the process of closing the SMU at USP Lewisburg was not yet complete in early 2020, and this provided considerable room for debate about the issue of mootness in this case as it relates to class certification.

With respect to the prerequisite of numerosity, Plaintiffs argue that "BOP's reported closure of the SMU at Lewisburg" is not an adequate basis for the court to disregard potential future class members in ascertaining numerosity.  (Doc. 124, p. 22.)  And Defendants argue the opposite: that the planned closure of the SMU at USP Lewisburg makes it impossible for Plaintiffs to demonstrate numerosity.  (*See* Doc. 125, p. 12.)

The court has reviewed the arguments presented and the evidence that was available at the time that Magistrate Judge Schwab issued her report and recommendation in January of 2020.  Although the court appreciates Magistrate Judge Schwab's thorough, reasoned recommendation on the numerosity issue, the

court ultimately finds Plaintiffs' objection to be compelling. In particular, the court is persuaded by Plaintiffs' argument concerning the circumstantial showing of evidence that a plaintiff must make to demonstrate numerosity (Doc. 124, pp.7–8), and Plaintiffs' analysis of Third Circuit case law dealing with the specific numerical threshold—or lack thereof—that a plaintiff must meet to demonstrate numerosity (Doc. 124, pp. 13–15). Accordingly, the court will decline to adopt Magistrate Judge Schwab's recommendation that Plaintiffs' motion for class certification be denied due to a lack of numerosity based on the record evidence available in January of 2020.

However, the issue of mootness remains in play with respect to whether the court should certify the proposed class in this case. As Magistrate Judge Schwab observed, "[i]t is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.'" *United States v. Juvenile Male*, 564 U.S. 932, 936 (2011) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997)). Put another way, a court can review mootness *sua sponte* at any point during the pendency of a litigation. *See, e.g., Gordon v. E. Goshen Twp.*, 592 F. Supp. 2d 828, 837 (E.D. Pa. 2009). The court finds it necessary to assess the issue of mootness based on the *current* status of the SMU at USP Lewisburg. However, the most recent information submitted by the parties was in April 2020, and the

court surmises that the facts underlying this issue may have shifted in the ten intervening months. For example: Has the SMU at USP closed? How has the COVID-19 global pandemic impacted inmate transfers within the Bureau of Prisons? The information submitted by counsel on these and on other factual issues relevant to the mootness analysis in April of 2020 is now stale.

As the court stated above, in reviewing a report and recommendation, a district court is permitted to recommit the matter to the magistrate judge with further instructions. Given what the court has explained above concerning the length of time between the parties' briefing and the court's current review, the court finds that refreshed consideration of the mootness issue is appropriate. Therefore, the court will recommit this matter to Magistrate Judge Schwab with an instruction to, first, permit supplemental submissions from the parties on the current inmate population and closure status of the SMU at USP Lewisburg, and second, to further consider the issue of mootness as it relates to the requirements for class certification under Federal Rules of Civil Procedure 23(a) and 23(b).

### C. The Court Will Deny Defendants' Objection to Magistrate Judge Schwab Not Examining the Other Rule 23(a) Prerequisites.

The text of Federal Rule of Civil Procedure 23(a) provides that a class may be certified "only if" all four prerequisites are met. As such, "[i]f the action fails to meet one or more of the subdivision (a) prerequisites, it may be dismissed under

Rule 23(c)(1)."  § 1759 Prerequisites for Bringing a Class Action—In General, 7A FED. PRAC. & PROC. CIV. § 1759 (3d ed.).

Defendants have provided no legal authority for their argument that if a court finds that one of the four Rule 23(a) prerequisites is not satisfied, that court must go on to then consider the other three prerequisites and make rulings on whether or not they are satisfied.³  Defendants simply argue, in a conclusory fashion, that "it was error to not reach those issues."  (Doc. 123 p. 7.)  The court disagrees.  The court notes that to impose a requirement that a court consider all four 23(a) prerequisites in ruling on a motion for class certification—even after concluding that one prerequisite is not satisfied—runs counter to Federal Rule of Civil Procedure 1, which states that the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  As a result, the court will deny Defendants' objection to Magistrate Judge Schwab not examining the other Rule 23(a) prerequisites.

---

³ Plaintiffs "agree that the Court should consider all of the Rule 23 class certification requirements de novo, including numerosity"—but, as with Defendants, Plaintiffs provide no legal authority to justify such a request.  (Doc. 126 p. 4.)

## CONCLUSION

For the foregoing reasons, Magistrate Judge Schwab's report and recommendation will be adopted in part and denied in part, and this case will be recommitted to Magistrate Judge Schwab. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: February 24, 2021